IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES ALBERT KING, JR.     )
                                  )
v.                              )     No. 3:13-0451
                                  )
NANCY A. BERRYHILL        )
     Acting Commissioner of    )
     Social Security[1]         )

**M E M O R A N D U M**

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain

judicial review of the final decision of the Social Security Administration ("Commissioner")

denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income

("SSI"), as provided under Titles II and XVI of the Social Security Act ("the Act"). The case is

currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry

No. 14), to which Defendant has responded (Docket Entry No. 18). This action is before the

undersigned for all further proceedings pursuant to the consent of the parties and the District

Judge in accordance with 28 U.S.C. § 636(c) (Docket Entry No. 21).

Upon review of the administrative record as a whole and consideration of the parties'

filings, Plaintiff's motion is **GRANTED**. For the reasons stated herein, the Court **REVERSES**

the decision of the Commissioner and **REMANDS** this case for further administrative

proceedings.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant
to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting
Commissioner Carolyn W. Colvin as the defendant in this suit.

# I. INTRODUCTION

Plaintiff filed an application for DIB and SSI on June 15, 2010. *See* Transcript of the Administrative Record (Docket Entry No. 9) at 60-61.[2] He alleged a disability onset date of March 1, 2010. AR 60-61. Plaintiff asserted that he was unable to work due to back pain, a bulging disc, herpes, pancreatitis, and illiteracy. AR 74, 76.[3]

Plaintiff's applications were denied initially and upon reconsideration AR 60-63. Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff testified at a hearing before ALJ Marty S. Turner on November 7, 2011. AR 26. On January 31, 2012, the ALJ denied the claim. AR 10-12. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on April 15, 2013 (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

# II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on January 31, 2012. AR 10. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

[3] Medical records also demonstrated evidence of high blood pressure, acid reflux, and alcohol abuse. AR 74.

2.   The claimant has not engaged in substantial gainful activity since March 1, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

*\*\*\**

3.   The claimant has the following severe impairment: lumbar degenerative disc disease (20 CFR 404.1520(c) and 416.920(c)).

*\*\*\**

4.   The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

*\*\*\**

5.   After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is limited to occasional climbing of ramps and stairs. The claimant can never climb ropes, ladders, or scaffolds. The claimant is limited to occasional balancing, stooping, kneeling, crouching, and crawling. The claimant is to avoid exposure to hazardous heavy moving machinery and unprotected heights.

*\*\*\**

6.   The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

*\*\*\**

7.   The claimant was born on December 21, 1962 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.   The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.   Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

\*\*\*

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 1, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 15-20.

# III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

# IV. DISCUSSION AND CONCLUSIONS OF LAW

## A.  Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence; and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would

have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See, e.g.*, *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g.*, *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B. Determining Disability at the Administrative Level**

The claimant has the ultimate burden of establishing an entitlement to benefits by proving his "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if he applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that he is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R.

§§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render him presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to his past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra*.

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 402 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v.*

*Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step five of the five-step process. The ALJ determined that Plaintiff met the first two steps, but found at step three that Plaintiff was not presumptively disabled because he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed him to

perform work with express limitations to account for his severe impairments, and that considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 15-20.

### D. Plaintiff's Assertions of Error

Plaintiff argues that the ALJ erred by: (1) failing to properly consider all of his alleged impairments and failing to provide sufficient reasons for not finding such impairments to be severe; (2) failing to include a function-by-function assessment in the RFC; (3) ascribing an RFC that is not supported by the record as a whole; (4) improperly evaluating Plaintiff's credibility; and (5) failing to properly consider Plaintiff's illiteracy. DE 15 at 1-2. Plaintiff therefore requests that this case be reversed and benefits awarded, or, alternatively, that this case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration by a new ALJ. *Id*. at 12-13.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery*, 771 F.2d at 973. Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17

F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala,* 25 F.3d 316, 318 (1994). The Court will address each of Plaintiff's assertions of error below.

**1. Plaintiff's alleged impairments.**

Plaintiff first argues that the ALJ erred by finding that his additional conditions, which allegedly include lumbar radiculopathy, osteopenia, pancreatitis, edema, bronchitis, and mild emphysema, do not represent severe impairments. DE 15 at 6. Plaintiff claims the ALJ erred by "failing to give sufficient reasons why he did not find them to be severe." *Id.*

The Court is not persuaded by Plaintiff's undeveloped argument. Plaintiff does nothing more than cite to various pages in the record indicating that Plaintiff has been diagnosed with the aforementioned conditions.[4] A diagnosis, however, does not demonstrate a disabling condition. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it.") (internal citation omitted); *Krakow v. Comm'r of Soc. Sec.*, No. 13-14388, 2015 WL 1301300, at *10 (E.D. Mich. Mar. 23, 2015) ("[S]imply because [a claimant] suffers from certain conditions or carries certain diagnoses does not equate to disability[.]"). Plaintiff merely claims, with no supporting evidence, that these impairments "cause more than a slight abnormality" on his ability to function. DE 15 at 6. This statement falls well short of establishing disability, which is Plaintiff's burden to carry. *See Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) ("Claimant bears the burden of proving his entitlement to benefits.") (citing *Halsey v. Richardson,* 441 F.2d 1230 (6th Cir. 1971)).

---

[4] One such cited record is an "ER Registration" page that does not include any notations from a provider. AR 386.

Plaintiff's claim that the ALJ erred by failing to explain the reasons for not finding all of these impairments to be severe is similarly unavailing. The ALJ explicitly discussed the basis for his finding that Plaintiff's hypertension and pancreatitis did not represent severe impairments. AR 16. Moreover, Plaintiff cites no regulation or case law that requires the ALJ to provide the reasoning behind each finding of a non-severe impairment. Conversely, the Sixth Circuit has held that the ALJ is subject to no such requirement: "[W]e do not require an ALJ to discuss every piece of evidence in the record to substantiate the ALJ's decision." *Conner v. Comm'r of Soc. Sec.*, 658 F. App'x 248, 254 (6th Cir. 2016) (internal citation omitted).

Finally, as noted by Defendant, even if the ALJ had erred by finding that these additional impairments are not severe, such an error would not require reversal in light of the ALJ's determination that lumbar degenerative disc disease constitutes a severe impairment. AR 15. If an ALJ finds that at least one of the claimant's alleged impairments is severe in nature, as is the case here, the claim survives the step two screening process,[5] and both severe and non-severe impairments are considered by the ALJ in the remaining steps of the disability evaluation process. 20 C.F.R. §§ 404.1523, 404.1545(a)(2). The fact that some of Plaintiff's impairments were not deemed to be severe at step two "is therefore legally irrelevant." *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (internal citation omitted). Indeed, courts have consistently held that an ALJ does not commit reversible error when the ALJ fails to find that some impairments are severe but finds that other impairments are severe and proceeds to the next step of the evaluation process. *See, e.g., Maziarz v. Sec'y Health & Human Serv.*, 837 F.2d 240, 244 (6th Cir. 1987); *McGlothin v. Comm'r of Soc. Sec.*, 299 F .App'x. 516, 522 (6th Cir. 2008);

_____

[5] *See* 20 C.F.R. § 404.1520(a)(4).

*Anthony, supra*; *Fisk v. Astrue*, 253 F. App'x. 580, 583 (6th Cir. 2007). Plaintiff's argument is therefore meritless.

## 2. The RFC.[6]

Plaintiff next contends that the ALJ committed reversible error by failing to include a function-by-function assessment in the RFC pursuant to Social Security Ruling ("SSR") 96-8, which states that when evaluating a claimant's exertional and nonexertional capacities, "[e]ach function must be considered separately[.]" 1996 WL 374184, at *5 (July 2, 1996).[7] Plaintiff also claims that the ALJ "failed to include substantial limitations in the RFC finding correlating to symptoms and limitations which were well-documented in the record." DE 15 at 7.

With respect to this latter claim, the Court notes that Plaintiff makes no attempt to cite any such "well-documented" limitations in his brief. The Court therefore deems this claim waived. *See Arellano v. Comm'r of Soc. Sec.*, No. 1:11-cv-804, 2012 WL 4038436, at *4 (W.D. Mich. Sept. 13, 2012) ("Issues raised in a perfunctory manner are deemed waived.") (internal citations omitted); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones..") (internal citation omitted).

Plaintiff's additional argument that the ALJ's decision must be reversed because the ascribed RFC lacks a function-by-function assessment finds no support in this circuit. Although

---

[6] Because Plaintiff's second and third assertions of error involve the RFC, the undersigned will address Plaintiff's arguments pertaining to both in this section.

[7] Exertional capacities include lifting, carrying, standing, walking, sitting, pushing, and pulling. Nonexertional capacities include manipulative, postural, visual, communicative, and mental functions. SSR 96-8p, 1996 WL 374184, at *5-6 (July 2, 1996).

SSR 96-8p requires the ALJ to "assess [the claimant's] work-related abilities on a function-by-function basis," this "does not require ALJs to produce such a detailed statement in writing." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) (internal citation omitted). Indeed, there is a difference "between what an ALJ must consider and what an ALJ must discuss in a written opinion." *Adams v. Comm'r of Soc. Sec.*, No. 4:13-cv-22, 2014 WL 3368692, at *11 (E.D. Tenn. July 9, 2014) (quoting *Delgado*, 30 F. App'x at 547-48). Instead, the ALJ "need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Mathis-Caldwell v. Comm'r of Soc. Sec.*, No. 1:15-cv-532, 2016 WL 2731021, at *5 (W.D. Mich. May 11, 2016) (internal citation omitted).

The ALJ determined that Plaintiff could perform all of the exertional requirements necessary to perform light work,[8] but limited Plaintiff's ability to climb ramps and stairs. AR 16. The RFC also provided limitations with respect to nonexertional capacities, including balancing, stooping, kneeling, crouching, and crawling. AR 16. The ALJ discussed Plaintiff's abilities to lift, stand, and walk, as documented by multiple medical examiners. AR 17-18. The ALJ supported his conclusions with a discussion of the objective medical findings, including magnetic resonance imaging ("MRI") and the examination findings of Dr. Ashok Saha and Dr. Woodrow Wilson. AR 17-18. Plaintiff references no inconsistencies in the record that were

---

[8] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

unaddressed by the ALJ, nor does he identify any evidence that contradicts the ALJ's analysis. His conclusory argument is therefore rejected.

Plaintiff additionally contends that the ascribed RFC is unsupported by the evidence of record. DE 15 at 7. Plaintiff specifically argues that the ALJ's decision must be reversed because the opinions of State agency physicians Drs. Susan Warner and Marvin Cohn, which were accorded significant weight by the ALJ (AR 18), were rendered in October of 2010 and February of 2011, respectively, which was prior to "submission of the updated medical records." DE 15 at 8. Plaintiff notes that following his hearing on November 7, 2011, he attempted to amend his alleged onset date to March 18, 2011 (AR 230), and now complains that "there was no opinion rendered in this case based on the evidence which was in the file from the amended onset date forward." DE 15 at 8.[9]

Notably, Plaintiff again fails to reference any evidence, medical records or otherwise, in support of his argument that the medical experts consulted in this matter failed to consider evidence arising after March 18, 2011. This is unsurprising, as the Court sees no evidence in the record of any documented treatment occurring after March 18, 2011. Plaintiff's argument therefore represents, at best, a disingenuous proclamation. Regardless, this effective request that the Court to develop a basis for reversal of the Commissioner's decision is deemed waived. *See Moore v. Comm'r of Soc. Sec.*, 573 F. App'x 540, 543 (6th Cir. 2014) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed

---

[9] Of note, it does not appear that Plaintiff's late request for amendment of the alleged onset date was granted, or even acknowledged, by the ALJ, as the opinion exclusively references Plaintiff's initial alleged disability onset date of March 1, 2010. AR 13, 15. On remand, the presiding ALJ should address Plaintiff's attempt at amending the alleged onset date.

waived.") (citing *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010)); *see also Fields v. Colvin*, No. 3:13-cv-142, 2014 WL 4954599, at *3 (E.D. Tenn. Sept. 30, 2014) ("[T]he Court is not required to undertake an open-ended review of the entirety of the administrative record.").

The Court additionally notes that Plaintiff cites no regulation or relevant case law to support his claim that remand is necessary to secure an additional consultative examination in light of "updated medical evidence." DE 15 at 7. Plaintiff also fails to identify what the "updated medical evidence" entails, although a post-hearing letter submitted by counsel for Plaintiff to the ALJ suggests an attempt to cite records from Good Health Associates (AR 231), where Plaintiff received treatment from Dr. Ashok Saha between July of 2009 and February of 2011. AR 237-62, 526-42. Plaintiff posits that a review of these records "could have changed" the opinions of Drs. Warner and Cohn (DE 15 at 8), although the Court sees little evidence to support this claim. Dr. Saha consistently reported that Plaintiff's lower back pain was controlled with prescription medication, that he exhibited no signs of distress during examinations, and recommended that Plaintiff regularly exercise and "remain[] active." AR 526-42. Dr. Saha diagnosed Plaintiff with lumbar disc displacement with lower back pain (AR 237-53), a condition that Dr. Wilson was aware of when he completed his consultative evaluation of Plaintiff in September of 2010. AR 429. Indeed, Dr. Wilson explicitly referenced Dr. Saha's diagnosis of lumbar disc displacement with lower back pain in his report, and cited an epidural steroid injection administered by Dr. Saha. AR 429.

Nevertheless, Plaintiff accurately observes that Dr. Wilson's report did not include an opinion regarding any functional limitations created by Plaintiff's physical impairment. This is not insignificant, as the regulations require such an opinion from the consultative examiner:

15

The medical report must be complete enough to help us determine the nature, severity, and duration of the impairment, and residual functional capacity. The report should reflect your statement of your symptoms, not simply the medical source's statements or conclusions. The medical source's report of the consultative examination should include the objective medical facts *as well as observations and opinions*.

20 C.F.R. § 404.1519n(b) (emphasis added). At least one other court has determined that a consultative examiner's failure to make any findings as to a claimant's ability to work necessitated reversal of the Commissioner's decision to deny benefits. *See Manning v. Sec'y of Health & Human Servs.*, 881 F. Supp. 201, 204 (W.D. Pa. 1995) ("We agree with the claimant that the ALJ improperly refused to order an additional psychological consultative examination or a referral back to [the consultative examiner] for findings as to [the claimant's] ability to work on a regular and continuing basis."). However, there are distinctions between the *Manning* case and the instant matter. For one, the ALJ in *Manning* specifically denied the subject claimant's request for an additional consultative examination, or a referral back to the consultative examiner, during the administrative hearing. *See id.* ("It is error for an ALJ to refuse to obtain a complete consultative examination and then to deny benefits because the record lacks the evidence such an examination could have produced.") (internal citation omitted). In the instant case, counsel for Plaintiff raised no objections to the admission of the report completed by Dr. Wilson into evidence. AR 29-30. Nor did counsel request for an additional consultative examination, instead advising the ALJ that Plaintiff would rely on his testimony and accompanying brief, which contained no requests for additional findings from a consultative examiner. AR 30, 227-28.[10]

---

[10] Counsel for Plaintiff also advised the ALJ that he planned to obtain a medical source statement from a treating physician (AR 29), although there is no indication that such evidence was submitted.

Additionally, the ALJ in *Manning* accorded substantial weight to the psychological consultative examiner's report despite its lack of opinion as to the claimant's functional limitations. *See Manning*, 881 F. Supp. at 204 (noting that the consultative examiner's report was the "primary evidence used by the ALJ"). Here, the ALJ granted significant weight to the opinions of Drs. Warner and Cohn (AR 18), but discussed Dr. Wilson's findings without assigning any weight to his report: "While Dr. Wilson found some limited motion in the claimant's back, he also observed the claimant tandem walk, lift up on toes and back on heels, and balance on each foot independently. Dr. Wilson also recorded a negative bilateral straight leg test." AR 17.

Finally, the consultative examiner's report was the only medical evidence provided by an examining source in *Manning*. In contrast, the ALJ discussed in detail the records documenting Plaintiff's treatment with Dr. Saha for almost two years. AR 17-19. Despite diagnosing Plaintiff with lumbar radiculopathy in August of 2009 (AR 257) and lumbar disc displacement in October of 2009 (AR 253), Dr. Saha continued to opine that Plaintiff's symptoms were reasonably controlled with prescription medication, and encouraged Plaintiff to stay active and exercise. Dr. Saha and Dr. Tochukwu Ikejiani repeatedly returned Plaintiff to work following office visits without recommending any functional limitations. AR 487-89. In June of 2010, Dr. Saha provided his only physical restriction pertaining to Plaintiff's lumbar condition, which recommended that Plaintiff lift no more than 55 pounds (AR 239-40, 483), a restriction much less favorable to Plaintiff than that contained in the ascribed RFC. AR 16.[11]

---

[11] Conspicuously absent from Plaintiff's brief is any mention of Dr. Saha despite his status as a treating physician.

While Dr. Wilson failed to provide an opinion as to Plaintiff's functional limitations in his consultative examination report, the ALJ gave no weight to the report, instead according significant weight to the opinions of Dr. Warner, Dr. Cohn, and Dr. Saha, Plaintiff's treating physician. Therefore, to the extent that the ALJ did rely on Dr. Wilson's evaluation to support his determination, the Court concludes that such an error was harmless.

The Court similarly finds no error in the ALJ's election to forego an additional consultative examination based on the receipt of additional medical records from Dr. Saha. As discussed *supra*, the findings of Drs. Warner and Cohn are not inconsistent with the findings contained in Dr. Saha's records, except that the lifting restrictions recommended by Dr. Warner and ultimately adopted by the ALJ are more favorable than those recommended by Dr. Saha. AR 445, 483. Plaintiff points to no evidence that might prompt the imposition of more severe physical limitations from a State agency physician or consultative examiner. Additionally, and contrary to Plaintiff's suggestion otherwise, the regulations do not "place an imperative on the [Commissioner] to provide a consultative examiner with a full medical record[.]" *Grant v. Colvin*, No. 3:14-cv-399, 2015 WL 4713662, at *13 (E.D. Tenn. Aug. 7, 2015). Plaintiff's position would allow all claimants to negate the opinions of examining and non-examining sources as long as medical records were submitted documenting treating that took place after the opinions from the these sources were rendered. *See id.* ("If the Court were to adopt the Plaintiff's argument, any consultative examiner should be summarily dismissed if their opinion was submitted without full review of a plaintiff's medical record or predated any treatment records."). The Court declines to adopt such a position, and thus rejects this assertion of error.

However, for reasons discussed below, the Court concludes that the RFC is not supported by substantial evidence, thus necessitating remand of this case for additional consideration.

**3. Plaintiff's credibility.**

Plaintiff's next assertion of error involves the ALJ's credibility determination. DE 15 at 9-10. Plaintiff contends the ALJ merely made a "conclusory statement" that his allegations had been considered, in violation of SSR 96-7p. *Id*. at 10.[12] Despite this claim, Plaintiff proceeds to argue that the ALJ improperly relied on Plaintiff's admission that he regularly lifts 15-20 pounds and answers he provided in a function report to discount his credibility. *Id*. at 11.

Pursuant to SSR 96-7p, the ALJ must first consider whether a claimant suffers from an underlying medically determinable physical or mental impairment that could "reasonably be expected to produce the [claimant's] pain or other symptoms." 1996 WL 374186, at *2 (July 2, 1996). After confirming the existence of such an impairment, the ALJ must "evaluate the intensity, persistence, and limiting effects of the [claimant's] symptoms to determine the extent to which the symptoms limit the [claimant's] ability to do basic work activities." *Id*. In doing so, the ALJ must make a finding as to the credibility of the claimant's statements "based on a consideration of the entire record." *Id*. "[B]lanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d at 248.

---

[12] SSR 96-7p has been superseded by SSR 16-3p, which became effective on March 28, 2016. However, because Plaintiff's complaint was filed May 13, 2013, SSR 96-7p applies to the Court's analysis of this claim.

The Court first addresses Plaintiff's claim that the ALJ's credibility determination consists of a "single, conclusory statement." DE 15 at 10. "Conclusory" has been defined as "consisting of or relating to a conclusion or assertion for which no supporting evidence is offered." *Hess v. Colvin*, No. 14-8103, 2016 WL 1170875, at *3 (C.D. Cal. Mar. 24, 2016) (quoting Merriam-Webster's Collegiate Dictionary 239 (10th ed. 2001)). Therefore, if evidence is provided in support of an assertion, the assertion is not conclusory. Here, Plaintiff contends that the ALJ made a single, conclusory statement to discount his credibility, then paradoxically argues that the ALJ discounted Plaintiff's credibility based on "improper reasons," and even discusses those reasons in detail. DE 15 at 10-11. One can argue that the ALJ improperly made a single, "conclusory" statement to discount Plaintiff's credibility, or one can argue that the reasons provided by the ALJ in support of the credibility determination are flawed. Both cannot be true. The Court will therefore address the latter argument.

Plaintiff testified that he works at Demos' restaurant five days per week, for "four or five hours" per day. AR 30-34. Plaintiff claims that the ALJ erred by concluding that this "part-time" position did not constitute substantial gainful activity ("SGA") (AR 15), yet relying on his ability to regularly lift 15-20 pounds at this job to discount his credibility. DE 15 at 10-11. The regulations, however, state that consideration of part-time work by the ALJ is proper: "Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did." 20 C.F.R. § 404.1571. Moreover, there is ample case law from this circuit indicating an ALJ is entitled to consider work that does not constitute SGA. *See Norris v. Astrue*, 5:10-cv-127, 2011 WL 588349, at *5 (E.D. Ky. Feb. 10, 2011), *aff'd*, 461 F. App'x 433 (6th Cir. 2012) ("There is nothing inconsistent with finding that [the claimant's] work

did not amount to substantial gainful activity, but nevertheless considering it relevant in evaluating his credibility and RFC."; *Young v. Astrue,* No. 2:12-cv-0050, 2013 WL 4456250, at *14 (M.D. Tenn. Aug. 15, 2013) ("As for the claim that the ALJ improperly relied on plaintiff's part-time employment to discredit her credibility, it was entirely within the ALJ's discretion to consider plaintiff's part-time job as a daily activity in making her credibility determination.") *adopted by* 2014 WL 3724844 (M.D. Tenn. July 25, 2014), *aff'd,* No. 14-6075 (6th Cir. Feb. 26, 2015); *Fenner v. Comm'r of Soc. Sec.*, No. 3:12-cv-179, 2013 WL 2253573, at *6 (S.D. Ohio May 22, 2013) (finding that ALJ appropriately considered the claimant's employment history after the alleged disability onset date, even if it involved unsuccessful attempts to gain employment), *adopted by* 2013 WL 3168645 (S.D. Ohio June 20, 2013) (citing *Mullis v. Bowen,* 861 F.2d 991, 993 (6th Cir. 1988)); *Raber v. Comm'r of Soc. Sec.*, No. 4:12-cv-97, 2013 WL 1284312, at *15 (N.D. Ohio Mar. 27, 2013) (finding that part-time jobs performed during the alleged period of disability were relevant to credibility determination even though work was not SGA); *Tate v. Comm'r of Soc. Sec.*, No. 2:13-cv-11473, 2014 WL 4536929, at *22 (E.D. Mich. Sept. 11, 2014) (finding that the ALJ properly considered plaintiff's work history, including work that was not SGA, in making credibility determination). The undersigned similarly concludes that the ALJ properly considered Plaintiff's part-time work as part of the credibility determination.

Nevertheless, the Court agrees that the ALJ committed reversible error by failing to consider additional evidence submitted after the administrative hearing regarding the frequency of Plaintiff's absence from his position at Demos' restaurant. On November 16, 2011, counsel

for Plaintiff filed a "supplemental post hearing brief"[13] that included a letter from Plaintiff's supervisor, Glenn Randolph, indicating that Plaintiff either misses work or leaves early from work "more than 8 times a month." AR 229-30.[14] This level of absenteeism is consistent with Plaintiff's hearing testimony, in which he estimated that he misses approximately 12 days of work per month. AR 49.

The omission of this evidence from the ALJ's opinion is crucial for multiple reasons. For one, it bolsters Plaintiff's credibility and undermines the basis on which the ALJ discounted his credibility. The ALJ referenced Plaintiff's work at Demos' multiple times when discussing the credibility determination, including the following excerpt:

> The claimant's activities of daily living also include part-time work at a medium exertional level ... The claimant admitted that he works up to five days a week, and five hours at a time. The job includes lifting 15 to 20 pound objects and placing them in an oven. The claimant also testified that he is expected to stand the entire time. This type of lifting and standing falls within the range of the residual functional capacity described above.

AR 18. Plaintiff specifically testified, however, that he can never work more than five hours per day, and that he frequently has to leave early and get someone else to cover his shift due to back pain. AR 33. He also confirmed that he misses at least two to three days of work per week. AR 49-50. This is consistent with Mr. Randolph's statement that Plaintiff misses work at least eight

_____

[13] The ALJ advised Plaintiff during the hearing that the record would remain open for "[10] to 14 days" after the November 7, 2011 hearing to allow time for the submission of additional evidence. AR 58.

[14] The letter in question is a handwritten note from Mr. Randolph, who purports to be employed by Demos' restaurant, although neither Mr. Randolph's position nor his relationship to Plaintiff is identified in the letter. AR 229. Regardless, Defendant's brief fails to raise an objection to the letter or even acknowledge the letter. The undersigned is also mindful that it is not the Court's role to weigh the evidence contained in the record. *See* 42 U.S.C. § 405(g); *see also Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990) ("The [Commissioner], and not the court, is charged with the duty to weigh the evidence [.]").

times per month. *See Hess v. Colvin*, No. 3:12-cv-1907, 2014 WL 901144, at *10 (M.D. Pa. Mar. 7, 2014) ("The statement of an uninterested third-party employer tends to corroborate [the claimant's] testimony and bolsters her credibility.") (citing *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 122 (3d Cir. 2000)).

Additionally, Mr. Randolph's letter and Plaintiff's testimony regarding his regular absence from work refutes the ALJ's finding that Plaintiff can maintain full-time employment. The vocational expert at the administrative hearing testified that absence from work more than two days per month "usually results in unsatisfactory employment and likely termination." AR 57. At step five of the evaluation process, the burden shifts to the Commissioner to prove that a claimant's RFC allows him to perform other SGA. *Longworth*, 402 F.3d at 595. Here, the ALJ failed to acknowledge evidence consistent with Plaintiff's testimony that he was forced to miss work *at least* eight times per month. *See* 20 C.F.R. § 404.1529(c)(3) (stating that when evaluating the intensity and persistence of a claimant's symptoms, the Commissioner "will consider all of the evidence presented, including information about [the claimant's] prior work record[.]"). The ALJ's finding at step five that there are jobs that exist in significant numbers that Plaintiff can perform is therefore not supported by substantial evidence.

While an ALJ "need not discuss every piece of evidence in the record," he also "may not ignore an entire line of evidence that is contrary to the ruling." *Craig v. Colvin*, No. 3:12-cv-0333, 2014 WL 1287178, at *12 (M.D. Tenn. Mar. 28, 2014) (citing *McCombs v. Barnhart*, 106 F. App'x 480, 484 (7th Cir. 2004)); *see also Karger v. Comm'r of Soc. Sec.*, 414 F. App'x 739, 749 (6th Cir. 2011) ("[I]naccuracies, incomplete analysis and unresolved conflicts of evidence can serve as a basis for remand."). The ALJ in the instant matter completely ignored relevant

evidence regarding Plaintiff's excessive absentee rate, despite the consistency of such evidence with Plaintiff's testimony. This is significant in light of the ALJ's heavy reliance on Plaintiff's part-time work at Demos' restaurant to discount his credibility, as well as the ALJ's failure to recognize Plaintiff's work history as a factor that actually supports his credibility. *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789 (6th Cir. 2009) ("[The claimant's] extensive work history and attempts to continue working despite his disability support his credibility, a factor not even considered by the ALJ."); *see also* SSR 96-7p, 1996 WL 374186, at *5 (July 2, 1996) (noting the Commissioner's duty in making a credibility determination to consider "[s]tatements and reports from the individual ... and other persons about the individual's ... prior work record and efforts to work, daily activities, and other information concerning the individual's symptoms and how the symptoms affect the individual's ability to work."). The ALJ's failure to even acknowledge the employer's statement or Plaintiff's testimony regarding his absenteeism prevents the Court from being able to determine whether substantial evidence supports the ALJ's conclusion that Plaintiff's RFC would allow him to maintain full-time employment. The Court therefore remands this case for consideration of Plaintiff's excessive absenteeism and its impact on Plaintiff's ability to maintain full-time employment.

### 4. Plaintiff's illiteracy.

Plaintiff finally claims that the ALJ failed to consider illiteracy in formulating the RFC. DE 15 at 12. The Court declines to address this assertion of error, however, in light of the undersigned's decision to remand this case for an additional hearing and, therefore, the formulation of a new RFC.

## V. CONCLUSION

For the above stated reasons, Plaintiff's motion for judgment on the administrative record (DE 14) is GRANTED. The Court hereby REVERSES the decision of the Commissioner and REMANDS this case for further proceedings consistent with this ruling.

An appropriate Order will accompany this memorandum.


BARBARA D. HOLMES
United States Magistrate Judge